NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 20-642 (SRC) |
| v. | : | |
| VICTOR ABREU | : | OPINION |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on a motion by the United States of America ("Government") to turn over funds in Defendant's Bureau of Prisons ("BOP") Inmate Trust Account to satisfy debts related to fines. Defendant Victor Abreu ("Defendant") objects to the Government's motion and moves the court to reconsider its sentence, which includes a $5,000 fine and a $100 special assessment. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument. For the reasons that follow, the Court will grant the Government's motion in part in the amount of $1,546.52 and deny Defendant's motion for reconsideration.

      On October 12, 2021, Defendant pleaded guilty to one count of distributing fentanyl in violation of 21 U.S.C. § 841(a)(1). (ECF No. 73). On March 2, 2022, the Court sentenced Defendant to 48 months of imprisonment followed by four years of supervised release. The Court also imposed a $5,000 fine and a $100 special assessment, both due immediately. (ECF No. 79, 80). As of March 23, 2023, Defendant's outstanding fine debt balance is $5,058.31.

      On March 23, 2023, the Government filed a motion with this Court to turn over the balance of Defendant's BOP Inmate Trust Account, which held approximately $2,546.52 at that time, to pay Defendant's outstanding debt. (ECF No. 83). Defendant filed a response on April 3, 2023,

objecting to the turnover of these funds and asking the Court to reconsider his sentence which includes the fine and the special assessment.  (ECF No. 84).  The Government filed a reply on April 12, 2023.  (ECF No. 85).

Preliminarily, Defendant's motion to reconsider his sentence is denied.  Defendant captions his motion as a motion for reconsideration.  However, "Congress 'abrogated [the] common-law practice' of motions for reconsideration 'in the sentencing context.'"  United States v. James, 639 Fed App'x 834, 836 (3d Cir. 2016) (alteration in original) (quoting United States v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014)).  The authority to reconsider a final sentence is limited to the circumstances described in Federal Rule of Criminal Procedure 35.  Id.  Courts typically construe motions to reconsider a sentence as motions pursuant to Rule 35(a), and the Court will do so here.[1]

However, the Court lacks jurisdiction to consider Defendant's motion.  A Rule 35(a) motion must be brought "[w]ithin 14 days after sentencing," with sentencing defined as "the oral announcement of the sentence."  Fed. R. Crim. P. 35(a), (c).  This time limitation is jurisdictional, and it is interpreted strictly.  United States v. Higgs, 504 F.3d 456, 463 (3d Cir. 2007).  Defendant was sentenced on March 2, 2022, over a year before he filed his motion. (ECF No. 79).  Therefore, the motion is untimely, and the Court lacks jurisdiction to consider it.

Turning to the Government's turnover motion, the Court is satisfied that the Government has the authority to use assets in a BOP Inmate Trust Account to satisfy an outstanding debt.  See 18 U.S.C. § 3613.  However, 18 U.S.C. § 3613A grants substantial discretion to the Court to manage a default on a fine and instructs the Court to consider Defendant's financial circumstances

---

[1] Defendant could not have brought a Rule 35(b) motion because such a motion may only be brought by the Government.  Fed. R. Crim. P. 35(b)(1).

when deciding what action to take.  18 U.S.C. § 3613A.  Here, the Court will not allow the Government to take the entirety of the BOP Inmate Trust Account.  The Court is sympathetic to the Defendant's arguments that he has limited ability to pay the fines especially with earnings from his prison job, and that most of the funds come from the generosity of Defendant's loved ones.  The Court is also concerned that taking all of Defendant's assets would increase the likelihood of recidivism.  The Court encourages Defendant to participate in the Inmate Financial Responsibility Program ("IFRP"), through which he can create a manageable plan to meet his financial obligations.[2]  Leaving Defendant with some assets will incentivize him to participate in the IFRP and will increase the likelihood Defendant will meet his financial obligations in the long run.  Therefore, the Court grants the Government's motion in part in the amount of $1,546.52.  Defendant is cautioned that if he does not make an ongoing effort to meet his financial obligations, either through the IFRP or independent payments, the Government has leave to petition this Court again for the balance of Defendant's BOP Inmate Trust Account.

  For the foregoing reasons, the Court will deny Defendant's motion for reconsideration and grant in part the Government's motion for the turnover of assets in the BOP Trust Account in the amount of $1,546.52.  An appropriate order will be filed.

                  s/ Stanley R. Chesler
                  STANLEY R. CHESLER
                  United States District Judge

Dated:  April 13, 2023

---

[2] Neither of the parties' papers suggest Defendant participates in the IFRP.  Defendant's payment history is also consistent with the conclusion Defendant does not participate in the IFRP.