UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>        v.<br><br>VICTOR ABREU,<br><br>            Defendant. | Criminal Action No. 20-0642 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court on a motion by the United States of America ("the Government") to turn over funds in Defendant Victor Abreu's Bureau of Prisons ("BOP") Inmate Trust Account to satisfy debts related to fines. Defendant Victor Abreu ("Defendant") has not responded to the motion. The Court, having considered the papers filed, proceeds to rule on this motion without oral argument. For the reasons that follow, the Court will grant the Government's motion in part.

On October 12, 2021, Defendant pled guilty to one count of distributing fentanyl in violation of 21 U.S.C. § 841(a)(1). See Dkt. No. 7. On March 2, 2022, the Court sentenced Defendant to 48 months of imprisonment followed by four years of supervised release. The Court also imposed a $5,000 fine and a $100 special assessment, both due immediately. See Dkt. Nos. 79, 80. As of the date of the Government's motion on December 22, 2023, the outstanding balance on Defendant's fine is $3,516.96. The Government moves for this Court to order the amount of the full balance of the fine currently held in Defendant's BOP Inmate Trust Account turned over

and applied to this balance. Dkt. No. 88 at 2. As of December 7, 2023, Defendant's BOP Inmate Trust Account had a balance of $3,525.75. Id. Granting the Government's motion in full would leave Defendant with a BOP Inmate Trust Account balance of $8.79, based on the December 7 balance.

This is the second time that the Government has asked this Court to order a turnover in this case. The Government submitted a nearly identical motion to turnover funds on March 23, 2023. See Dkt. No. 83. After a *pro se* response from Defendant and a reply from the Government, this Court granted the Government's motion in part. Dkt. No. 87. Under the discretion granted to the Court under 18 U.S.C. § 3613A, the Court declined to allow the Government to "take the entirety of the BOP Inmate Trust Account." Dkt. No. 86 at 3. The Court reasoned that Defendant's assets were accumulated through the generosity of loved ones, Defendant earned little in wages from his prison job, and that taking all of Defendant's assets would increase the likelihood of recidivism. Id. The Court also encouraged Defendant to participate in the Inmate Financial Responsibility Program. The Court granted the Government's motion in the amount of $1,546.52, leaving a balance of $3,553.48 on Defendant's fine.

In its new motion, the Government offers no explanation for why it once again seeks to take the entirety of Defendant's BOP Inmate Trust Account. Puzzlingly, the motion at bar is word-for-word identical to the Government's earlier motion, save for small changes to reflect different account and fine balances, with no acknowledgement of the earlier motion or this Court's opinion. Compare Dkt. No. 83 with Dkt. No. 88. Absent any explanation for the renewed motion, and absent a response from Defendant, the only piece of information the Court has at its disposal to assess a change in circumstances that might warrant the renewed effort to take the Defendant's full account balance is a change in balance of Defendant's fine. The Court's partial grant of the earlier motion

left a balance of $3,553.48 on Defendant's fine, and the balance stands at $3,516.96 as of December 7, 2023. That means that, in the eight months since this Court granted the Government's earlier motion in part, the Defendant has paid $36.42 towards his fine balance.

In this Court's earlier opinion, the Court cautioned defendant that "if he does not make an ongoing effort to meet his financial obligations, either through IFRP [Inmate Financial Responsibility Program] or independent payments, the Government has leave to petition this Court again for the balance of Defendant's BOP Inmate Trust Account." Dkt. No. 86 at 3. Given that Defendant appears to have made *some* progress towards paying his fines, this Court reiterates the concerns that led to the partial denial of the Government's earlier motion: Defendant's assets are the result of the generosity of his loved ones and minimal prison wages, a seizure of all of Defendant's assets would likely increase the risk of recidivism, and leaving Defendant with some funds in his account would encourage his participation in the IFRP. Therefore, a full seizure of Defendant's assets remains inappropriate. A partial grant of the Government's motion, in an amount that will leave approximately $500.00 in Defendant's BOP Inmate Trust Account, will properly balance the Government's interest in collecting its fine and the Court's discretion under Section 3613A.

For the foregoing reasons, the Court will grant the Government's motion for turnover of assets in the BOP Inmate Trust Account in the amount of the balance of that Account minus $500.00. An appropriate order will be filed.

s/Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated February 1, 2024